IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY DAVIS, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:25-CV-901-K-BW | |
| § | | |
| IRVING INDEPENDENT § | | |
| SCHOOL DISTRICT, § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Irving Independent School District's Rule 12(b)(6) Motion to Dismiss filed on April 11, 2025. (*See* Dkt. No. 6. ("the Motion") ("Mot.").) This action was referred to the undersigned magistrate judge for pretrial management and recommendation on claim-dispositive motions pursuant to 28 U.S.C. § 636(b) and Special Order No. 3-251. (*See* Dkt. No. 3.)

Based on the relevant filings and applicable law, the undersigned recommends that the Motion (Dkt. No. 7) be **GRANTED** as set forth below.

**I. BACKGROUND**

Plaintiff Timothy Davis, proceeding pro se, filed this civil action on March 21, 2025, in the 68th Judicial District Court in Dallas County, Texas, against Defendant Irving Independent School District ("IISD"). (*See* Dkt. No. 1-1, Plaintiff's Original Petition ("Pet.").) Davis alleged racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964. (*See* Pet. at ECF p. 2.)

1

IISD timely removed the action to this Court pursuant to 28 U.S.C. § 1446(b) on April 11, 2025. (Dkt. No. 1.) On the same day, IISD moved to dismiss Davis's Original Petition pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. (*See* Mot.) On April 14, 2025, the undersigned entered an Order Setting Briefing Schedule, informing Davis of his obligation to file a written response to the motion to dismiss by May 2, 2025. (*See* Dkt. No. 7 at 1.) In consideration of Davis's status as a pro se litigant, the Order also informed Davis of the legal standards that apply to the Court's consideration of IISD's motion to dismiss. (*Id.* at 2.)

On May 1, 2025, Davis filed a response to IISD's motion to dismiss in the form of an email and 16 pages of what he describes as "supporting documents that provide more details to the discrimination that [he] . . . received in Irving ISD." (Dkt. No. 8 ("Response") ("Resp.").) Davis's Response alleges additional facts regarding the retaliation claim, but he does not set forth any legal arguments or authorities in opposition to IISD's Motion. (*See id.*) IISD filed a reply on May 6, 2025. (Dkt. No. 9. ("Reply").)

Davis alleges the following facts in his Petition. Davis was employed as a special education classroom teacher at IISD. (Pet. at ECF p. 3.) He alleges that on or about December 12, 2022, he was "discriminated against because of [his] race," but he does not provide further facts about any events that occurred on this date. (*Id.*)

Davis alleges that he requested a student be removed from his classroom pursuant to "state law," but the "District failed to do this over two months [sic]." (Pet. at ECF p. 3.) He further alleges that IISD did not discipline this same student when the student "physically assaulted" Davis, but according to Davis, IISD did discipline the student when the student "similarly assaulted other non-black staff members." (*Id.*) Davis appears to allege that this event occurred on December 12, 2022. (*See id.*) He provides no additional details regarding the alleged assault, IIDS's alleged failure to discipline the student, or the alleged similar assaults on "other non-black staff members" for which the student was disciplined. (*See id.*)

Davis next alleges that he was "retaliated against by being threatened non-renewal while on medical leave after being injured by the student." (Pet. at ECF p. 3.) He also states that IISD denied him a duty-free conference and lunch period. (*Id.*) He fails to allege any facts that IISD took any of these actions because of his race or because he engaged in any alleged protected activity. (*Id.*)

Davis also asserts in his Original Petition that IISD violated Title VII "by discriminating against [him] based on race in the terms, conditions, and privileges of employment, including but not limited to discrimin[atory] actions, retaliation, loss of employment." (Pet. at ECF p. 3.) Davis does not allege any facts relating to his alleged loss of employment. (*Id.*)

## II. LEGAL STANDARDS

In deciding a motion to dismiss for failure to state a claim on which relief may be granted under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true,

viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A recitation of the elements of a cause of action, supported merely by conclusory statements, do not suffice. *See id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (quoting *Twombly*, 550 U.S. at 557 (cleaned up)).

Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, but it does require that a plaintiff allege more than labels and conclusions. And, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id*. And so, "to survive a motion to

4

dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (citing Fed. R. Civ. P. 8(a)(2)-(3), (d)(1), (e)).

In deciding a Rule 12(b)(6) motion, courts limit review to the face of the pleadings. *See Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir. 1999). "If matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal citation marks omitted). But documents attached to a motion to dismiss "are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim." *Id.* (quoting *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004), and citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)); *see also Carter v. First Nat'l Collection Bureau, Inc.*, 135 F. Supp. 3d 565, 574 n.11 (S.D. Tex. 2015) ("The Court may consider, in a Rule 12(b)(6) analysis, documents attached to a motion to dismiss—or, as here, to a response in opposition to a motion to dismiss—if the documents are 'sufficiently referenced in the complaint.'") (citing *Walch v. Adjutant Gen.'s Dep't of Tex.*, 533 F.3d 289, 294 (5th Cir. 2008)).

A plaintiff may not amend his allegations through a response to a motion to dismiss, Fed. R. Civ. P. 8(a), but leave to amend must be granted freely "when justice so requires," Fed. R. Civ. P. 15(a)(2). The Court may deny leave to amend

only when "there is substantial reason to deny leave to amend." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). One such reason is futility: "If the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." *Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) (quoting *Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022)).

Pro se complaints receive a "liberal construction." *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (citations omitted). A "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations omitted). But "mere conclusory allegations on a critical issue are insufficient." *Id.* "Liberal construction does not require that the Court . . . create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-CV-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013).

### III. ANALYSIS

IISD argues that Davis has not pleaded facts to establish a prima facie case of Title VII race-based discrimination and has not alleged that he engaged in protected activity as required to plead a claim of retaliation under Title VII. (*See* Mot. at 5-10.) Davis's Response consists of a one-page letter with no citations to legal precedent, statute, or any reference to the arguments asserted in the Motion, along with several pages of "supporting documents" that Davis alleges "provide more details to the

discrimination that we, as black employees, received in Irving ISD." (Resp. at ECF p. 1.) Davis's Response lacks any legal argument or authorities responding to IISD's arguments for dismissal, and therefore, it fails to comply with the requirements of this Court's rules. *See* N.D. Tex. L.R. 7.1(d) ("A response to an opposed motion must be accompanied by a brief that sets forth the responding party's contentions of fact and/or law, and argument and authorities.").

**A.     The undersigned does not consider materials attached to Davis's response.**

As an initial matter, the undersigned must address Davis's Response and the documents attached thereto. (*See generally* Resp.) The documents appear to be a records request receipt to the Irving Police Department, a Charge of Discrimination before the Equal Employment Opportunity Commission ("EEOC") and Texas Workforce Commission, an employee statement, and what appears to be a co-worker's statement. (*See* Dkt. No. 8-1.) IISD objects to these documents as "unmarked, improperly submitted, [and] unauthenticated" and requests that they be struck from the record. (Reply at 2, 4.) The undersigned agrees, and for the reasons explained below, the "supporting documents" attached to Davis's Response are not properly considered in addressing the instant motion to dismiss.

A court may consider "documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." *Brand Coupon Network, LLC v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014); *see also Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). A court will review attached exhibits to a response

7

"when neither party questions the exhibits' authenticity, and when the documents are 'sufficiently referenced in the complaint to permit their consideration on a motion to dismiss.'" *Summers v. Torres*, No. 9:22-CV-00029-MJT-ZJH, 2023 WL 2673942, at *12 (E.D. Tex. Mar. 10, 2023), *adopted*, 2023 WL 2666060 (E.D. Tex. Mar. 27, 2023) (quoting *Walch*, 533 F.3d at 294).

Here, the undersigned excludes from its consideration all documents attached to Davis's Response. Davis does not sufficiently reference these documents in his Original Petition (*see* Pet.), and IISD objects to their consideration (Reply at 2, 4). *Compare Summers*, 2023 WL 2673942, at *13 (excluding plaintiff's documents attached to her response because they were not sufficiently referenced in plaintiff's complaint and defendants objected to their authenticity) *with Walch*, 533 F.3d at 294 ("No party questions the authenticity of these two documents and both were sufficiently referenced in the complaint to permit their consideration on a motion to dismiss."). Accordingly, these documents are excluded from consideration in review of the instant motion to dismiss.

**B.    Davis has not abandoned his claims against IISD.**

IISD argues in its Reply that because Davis failed to respond to IISD's 12(b)(6) arguments, such arguments and authority are uncontroverted, and Davis has abandoned his lawsuit and waived all claims. (Reply at 3-4.) Although it is generally true that "[f]ailure of a party to respond to arguments raised in a motion to dismiss constitutes a waiver or abandonment of that issue at the district court level," *Arkansas v. Wilmington Tr. Nat'l Ass'n*, No. 3:18-CV-1481-L, 2020 WL 1249570, at *5

(N.D. Tex. Mar. 16, 2020), the undersigned declines to dismiss Davis's claims on this basis. Here, Davis timely filed a response to the Rule 12(b)(6) motion, and while his attempts at defending his claims are poorly articulated and legally insufficient, his efforts nevertheless demonstrate that he did not abandon his claims, particularly when assessed in light of his pro se status.

**C.   Davis's discrimination and retaliation claims under Title VII should be dismissed for failure to state a claim.**

  **1. Davis does not plead sufficient facts to support a racial discrimination claim.**

A plaintiff establishes a prima facie case for discrimination when he shows that he: "(1) is a member of a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside of the protected class, or, in the case of disparate treatment, shows that other similarly situated employees were treated more favorably." *Jackson v. Dallas Cnty. Juv. Dep't*, 288 F. App'x 909, 911 (5th Cir. 2008) (quoting *Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004)); *see also Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019) ("Disparate-treatment discrimination addresses employment actions that treat an employee worse than others based on the employee's race, color, religion, sex, or national origin.").

At the Rule 12(b)(6) stage, a plaintiff need not plead sufficient facts on the prima facie elements of a disparate treatment claim. *Cicalese*, 924 F.3d at 766. Plaintiffs instead must plead two "ultimate elements" to support a disparate treatment claim: (1) an adverse employment action (2) that was taken against a

plaintiff because of his protected status. *Smith v. Kendall*, No. 23-50713, 2024 WL 4442040, at *4 (5th Cir. Oct. 8, 2024) (unpublished). Here, Davis alleges that he "was treated differently based upon [his] race." (Pet. at ECF p. 3.). Additionally, he pleads that IISD only disciplined a student after the student allegedly assaulted other "non-black staff members." (*Id.*) Construing Davis's pleading liberally, the undersigned finds that Davis intended these statements to allege a disparate treatment claim, and therefore, considers whether Davis sufficiently alleged that he was subjected to an adverse employment action taken against him because of his protected status. *See Smith*, 2024 WL 4442040, at *4.

IISD argues that Davis's "Petition alleges no facts that he was subjected to an adverse employment action." (Mot. at 6). In a Title VII discrimination claim, an adverse action is limited to actions that "affect the terms and conditions of employment," *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 64 (2006), such as "hiring, firing, compensation, or the 'terms, conditions, or privileges of employment.'" *Hamilton v. Dallas Cnty.*, 79 F.4th 494, 502-03 (5th Cir. 2023) (quoting 42 U.S.C. § 2000e-2(a)(1)). In his Original Petition, Davis alleges no facts that he was subject to an adverse employment action that affected the terms and conditions of his employment, including constructive discharge. (*See* Pet.) Construing his pleading liberally, it appears that Davis intended to allege an adverse employment action based on "loss of employment," but he failed to make any further factual allegations regarding his "loss of employment," such as whether he was terminated or constructively discharged. (*Id.* at 3.) Therefore, Davis did not

plead sufficient facts to support an adverse employment allegation, and this element of his discrimination claim fails.

IISD further argues that Davis did not plead sufficient facts to allege a causal connection between any adverse employment action and his race. (*See* Mot. at 6.) In his Original Petition, Davis does not allege any facts indicating that he experienced an adverse employment action because of his race. (*See* Pet. at ECF p. 3.) Although it appears that Davis intended to allege facts pertaining to this element when pleading that a student was not disciplined for assaulting Davis but was disciplined after allegedly assaulting a non-black staff member, this event does not constitute an adverse employment action. *See, e.g.*, *Burlington*, 548 U.S. at 64 (noting that the substantive provision of Title VII is limited to "discriminatory actions that affect the terms and conditions of employment"); *Hamilton*, 79 F.4th at 503, 505 (explaining that while the language of "terms and conditions" is not limited to economic or tangible discrimination, Title VII does not permit liability for de minimis workplace trifles). Davis provides no further detail to establish a connection between this event and his race. (*See id.*) Therefore, the second element of Davis's discrimination claim fails. Accordingly, Davis's Title VII discrimination claim should be dismissed under Rule 12(b)(6).

### 2. Davis does not plead facts sufficient to establish a Title VII retaliation claim.

Finally, IISD argues that Davis's complaint should be dismissed for failure to plead sufficient facts of retaliation under Title VII. (Mot. at 9.) To support a Title

11

VII retaliation claim, a plaintiff must establish that he: (1) engaged in an activity protected by Title VII; (2) the employer took an adverse employment action against the employee; and (3) a causal connection exists between the protected activity and the adverse employment action. *See, e.g., Cooper v. Dallas Police Ass'n*, 278 F. App'x 318, 320 (5th Cir. 2008). An adverse employment action in a retaliation claim must "dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). A threat of termination does not constitute an adverse employment action. *See Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 708 (5th Cir. 1997), *abrogated on other grounds by Burlington*, 548 U.S. 53.

Like Davis's discrimination claim, he has not pled any facts relating to any of the elements of retaliation. (*See generally* Pet.) Davis's retaliation allegations are conclusory at best. For example, Davis alleges that he was "retaliated against by being threatened non-renewal while on medical leave after being injured by the student." (*Id.* at ECF p. 3.) Even taking Davis's allegations as true, a threat of non-renewal is not a sufficient adverse action. Davis thus fails on the first element of a retaliation claim. *See Mattern*, 104 F.3d at 708 (explaining that an employee being in jeopardy of discharge at some point in the future does not constitute an adverse employment decision); *Boyd v. Dall. Area Rapid Transit*, No. 3:18-CV-1326-L-BH, 2019 WL 7265377, at *8 (N.D. Tex. Dec. 31, 2018), *adopted*, 2019 WL 350165 (N.D. Tex. Jan. 29, 2019) ("Disparaging comments and idle threats of termination by supervisors do not rise to the level of adverse employment action."). Additionally,

Davis provides no details about engaging in a protected activity nor any allegations to suggest a causal connection between any adverse action and his protected activity. For these reasons, Davis's Title VII retaliation claim fails. Accordingly, this claim should be dismissed under Rule 12(b)(6).

### D.     Davis should be granted leave to replead his claims.

Although the undersigned concludes that Davis's claims as currently pleaded do not survive Rule 12(b)(6) scrutiny, he should be permitted to make another attempt to plead his best case. *See, e.g.*, *In re Am. Airlines, Inc., Priv. Litig.*, 370 F. Supp. 2d 552, 567-68 (N.D. Tex. 2005) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or . . . [plaintiffs] are unwilling or unable to amend in a manner that will avoid dismissal.") (internal citations omitted). And, generally, "a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

"[T]he grant of leave to amend the pleadings pursuant to [Federal Rule of Civil Procedure 15(a)] is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). Under Rule 15(a)(2), "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Rule 15(a)'s liberal amendment policy compels that leave to amend should be granted absent some justification for refusal, such as undue delay, bad faith, dilatory motive on the part of movant, repeated failure to cure deficiencies by amendments

13

previously allowed, or undue prejudice to the opposing party by virtue of allowance of the amendment." *Kirkland v. Racetrac Petroleum, Inc.*, No. 3:13-CV-1754-N, 2014 WL 982852, at *4 (N.D. Tex. Mar. 13, 2014) (citing *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 386 (5th Cir.2003)). Moreover, when, as here, the party seeking leave to amend is proceeding pro se, courts are more likely to allow the party to amend the complaint rather than face dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010); *Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1-2 (N.D. Tex. Feb. 13, 2008).

    Here, the relevant factors weigh in favor of granting Davis an opportunity to amend. Davis is proceeding pro se, he has not previously amended his complaint, and there is no evidence indicating bad faith or undue delay on Davis's behalf, nor would undue prejudice to IISD result by allowing Davis to file an amended complaint pleading his best case. Although a pro se plaintiff's pleadings are held to less stringent standards than pleadings drafted by lawyers, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), those "pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal." *Coleman v. Bank of N.Y. Mellon*, 969 F. Supp.2d 736, 747 (N.D. Tex. 2013) (citing *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir.1992)). Accordingly, Davis should be permitted to file an amended complaint.

    To successfully move forward with his case, Davis's amended complaint must include well-pleaded facts to plausibly state a claim for relief under Title VII. Such

facts must be specific, clear, and precise. Furthermore, Davis is instructed that the Court will consider his amended complaint to be his best pleaded case. *See Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 258 (5th Cir. 1997) ("[J]udges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case.") (citing *Turnage v. Gen. Elec. Co.*, 953 F.2d 206, 208-09 (5th Cir. 1992).

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that IISD's Motion to Dismiss be **GRANTED,** that Davis be given an opportunity to file an amended complaint within 21 days of the District Judge's acceptance of these findings, conclusions, and recommendation or another date established by the District Jude, and that Davis's claims be dismissed with prejudice if he fails to file an amended complaint within the time allowed.

**SO RECOMMENDED** on August 8, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).